Freeman, J.,
delivered the opinion of the Court.
This action is brought against the defendant, by the administrator of Jones, to recover damages for injuries causing his death.
The amended declaration, which is all that is before us, has three counts. The first states, as the cause of action, “that the defendant is an incorporated Company in the-State of Tennessee, and, in the year 1866, was engaged in the transportation of freight and passengers by Kail to and from the City of Memphis; that Jones was employed as a baggage master on one of its trains; and, that the defendant so negligently and carelessly ran and conducted its trains upon said Koad, that a collision occurred in which the cars were set on fire and the said Jones was crushed, injured, and burned, from which injuries, after great suffering *875 and pain, he afterwards died; for which damages are-claimed to the amount of $15,000.
The second count is for the gross negligence of the defendant, and alleges, in substance, that the defendant is an incorporated Company, duly chartered by an Act of the Legislature of Tennessee, and engaged in the transportation of persons and property by Eail, to and from, and between the City of Memphis and the Town of Chattanooga in said State; that Jones was a baggage master on one of its trains; and that by the carelessness and negligence of the defendant a collision occurred, which produced the injury complained of, causing his death, after languishing from the time of the injury to the date of his death.”' This count then avers, that he was of unsound mind and incapable of sueing up to his death; and then, concludes with the averment, that a cause of action had accrued to the plaintiff for the use of the two children of the said Jones. •
The third count commences with the averment, “that the defendant, heretofore, to-wit, on the day and year aforesaid, in the State aforesaid, was engaged in transporting persons and property to and from the City of Memphis,” and then states, substantially, the-same facts as in the previous counts, and that the said Jones was instantly killed, and claims that an action-accrued to the plaintiff, to recover damages for the-next of kin, on account of being deprived of the society, instruction, and counsel of their father, and the loss of his earnings for their support, &c.
Numerous pleas and demurrers to the same, and *876 «replications and demurrers to them, are found in the record, — sufficient to delight the admirer of Common Law pleading, or that technical system by which the rights of parties in the Courts of Law were once determined, in most cases, by the skill of the pleader in the use of a formal verbiage, rather than by the establishment of a legal right upon proof.
We need not go into the several very nice questions thus presented at present. The Court below, -on the argument of these demurrers, filed by the plaintiff and the defendant, passed by the special objections pointed out in the demurrers to the various pleadings, went back to the declaration, and held it defective, in substance, for its failure to allege, that the injuries complained of were committed in the State of Tennessee. The Court, therefore, being of opinion that the demurrers extended back to the declaration, sustained them to the declaration, but allowed the plaintiff leave to amend the defect or to amend generally, which was declined; whereupon, judgment final was rendered, and the case was brought to this Court.
The first question presented is, Did the Court err in thus holding, as to the effect of a demurrer under our system of pleading? The rule is too familiar for a citation of authorities, that by the ancient system, the Court was right, and that on a demurrer, the Court considered the whole record, and gave judgment for the party, who, on the whole, appeared to be entitled to it. It may be well to remember, however, in arriving at a proper conclusion on this question, that under the Common Law system of pleading in Eng *877 land, judgment in most eases was final on a demurrer,, or interlocutory, according to the nature of the action; but, in either case, a judgment was rendered, that settled the rights of the parties: whereas, under our system the party may always amend his defective pleadings, or plead over, in case his demurrer is overruled.
By the Code, Section 2934, “ demurrers for formal defeats” (that is, special demurrers at Common Law) “ are abolished, and those only for substantial defeats are allowed:” and “all demurrers shall state the objection relied on;” that is, all demurrers for substance, — because “ on a fair and natural construction of the pleading” no cause of action or of defense .is shown, — shall point out the defect “ relied on.”' It is evident that this abolishes demurrers, as known .to our ancient system of pleading, under which, the special demurrer was for defects in the form of statement, and the general demurrer was for substance, only averring, “that the declaration or plea is not sufficient in Law.”
If we have no demurrer, as formerly, and to which the rule held by his Honor applied, the question is, Whether, under the Provision of the Code, this rule still remains, or is excluded, by a fair construction of the language used ? It is, “ all demurrers shall state the objection relied on.” Why state it? Because it is the objection taken, and not another, and because it is the objection “relied on.” Is the plain meaning of this language met, by holding that you must state the objection to the particular pleading “relied on.” not for the purpose of relying on it, but on something *878 else? In other words, that you state the objection relied on,” not for the purpose of presenting your real ■objection, which you will rely on, but only to mislead and rely on one not stated, and in the allegation of the demurrer not “ relied on.”
The plain meaning of the Provision is, that the objection “relied on” must be dearly stated, so as, to give notice to the adverse party, distinctly, of the defect in his pleading; and this meaning can only be carried out, by requiring that the party making this objection shall rely on it, and not on an objection not stated, of which the party had no notice. In other words, that the party should not be allowed to get the benefit of what is equivalent to a general demurrer, not pointing out the objection “relied, on,” under one which is special, and required to point out the objection. It would be idle to abolish general demurrers, and to require the objection “relied on” to be stated, if it is but to mislead and mean nothing, and the party have all the benefit of a general demurrer under special objections made to the pleading in his demurrer.
No inconvenience can result from this view, as it is just as easy to demur at once, and directly, to the defective pleading, and thus save costs and delay, as to first encumber the record with voluminous pleadings, as in this case, and then under some remote pleading, and demurrer to it, go back and reach the defect, by indirection; and such was the clear intention of the Legislature, as we think, in the radical change made by them in the Provision of the Code we have cited,
Assuming that the demurrer reached back to the *879 declaration, the question is presented, Did bis. Honor hold correctly, that the declaration did not state a cause of action, because of its failure to allege that the injuries were committed in the State of Tennessee?
The rule of the Common Law, that every pleading must be taken most strongly against the pleader, can not be held applicable under our Code, providing that “ any pleading shall he sufficient, when by a fair and natural construction, it shows a substantial cause of action
Applying this principle to the declaration, we think by fair and natural construction it can only be held, that this is an action brought under our Statute, and not under the Law of any other State. It states a substantial cause of action under the Statute of Tennessee, and is brought in our Courts, against a Corporation chartered by our Legislature, for an injury that might well have been committed in this State, — as we know judicially, that the Memphis & Charleston Eailroad lies, a considerable part of it, in this State.
We think this a fair intendment from the language of the declaration; and, if the supposed injury occurred in another State, it can easily be shown on the hearing, as a matter of defense. There can be no doubt, that, in order to recover, in this latter case, the party would have to show a cause of action, such as may be given in the State . where the injury was committed, in order to entitle himself to sustain an action in this State, under the Provisions o'f the Statute Law of another State, giving the right in the particular case to sue. It is equally clear, on prin *880 ciple and authority, that if the party sue in this State, to recover on a cause of action that arose in another State, given by a Statute of that State, he must allege the right so to have accrued in that State, and the legal right to such action, by the Law of such State: — in other words, must state a cause of action arising in that State, which, under its Law, would entitle him to recover in its Courts. And when he has so stated his cause of action, he must be prepared to show the Law of the State, under which he claims the right, it not being a Common Law right, but one under a Statute. Whitford v. The Panama Railroad Co., 23 N. Y., 466.
This declaration certainly does not aver a cause of action arising in another State, .under the above rule; and, it is but a fair construction of it, as it does aver one under our Statute, that it was so intended. While under the rule of the Common Law, the Law of another State must be averred and proven as any other fact, in Tennessee, the averment in such case would only be necessary, and the averment would be sustained in our Courts by copies of the Statute, purporting or proved to have been published by the authority of the State from whence it comes, under Section 3800. of the Code.
This seems to be the rule for inferior Courts; but in this Court, by Section 3801, the Court “ takes judicial notice of the Laws and the Statutes of our sister States, and decides upon them accordingly.”
We hold, therefore, that the Court erred in his view of the declaration, and that it does allege a *881 cause of action under the Statute of Tennessee, which is necessarily for injuries done in this ' State, and not in another State; and the case must be reversed, and remanded to be further proceeded in. "We express no opinion on the validity’ of the objections to the various pleadings pointed out in the demurrer — as no judgment was rendered "on them, the case will stand for hearing in the Court below, as it stood before the judgment, herein reversed.